UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KIM STEINER-OUT and
SERENA VELAQUEZ, on their own
behalf and on behalf of others
similarly situated,

      Plaintiffs,

v.                                        Case No.  8:10-cv-2248-T-24 TBM

LONE PALM GOLF CLUB, LLC,

      Defendant.
_____/

## ORDER

This cause comes before the Court on Defendant's Motion to Dismiss.  (Doc. No. 4). Plaintiffs oppose the motion.  (Doc. No. 6).  As explained below, the motion is denied.

**I.  Standard of Review**

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff.  See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)).  The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim.  Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests.  See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)(citation omitted).  As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. at 1965 (citation omitted).  While the Court must assume that all of the allegations in the

complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level." Id. (citation omitted). The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations. See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

## II. Background

Plaintiffs allege the following in their amended complaint (Doc. No. 7): Plaintiffs were employed by Defendant as part of its wait staff. Plaintiffs allege that Defendant violated the Fair Labor Standards Act ("FLSA") by failing to properly compensate them and by retaliating against Plaintiff Steiner-Out. Specifically, in Count I, Plaintiffs contend that Defendant forced them to participate in tip pooling, forced them to share their tips with non-wait staff employees and managers, and failed to compensate them for all of the hours that they worked. Additionally, in Count II, Plaintiff Steiner-Out contends that Defendant retaliated against her by calling her names and terminating her after she complained about Defendant's failure to pay wages in accordance with the FLSA.

## III. Motion to Dismiss

In the instant motion, Defendant moves to dismiss both counts of Plaintiffs' amended complaint for failing to state a claim. As explained below, the Court finds that Plaintiffs' claims are sufficiently pled.

### A. Failure to Properly Compensate Plaintiffs

In Count I of the amended complaint, Plaintiffs allege that Defendant violated the FLSA

by forcing them to participate in tip pooling, forcing them to share their tips with non-wait staff employees and managers, and failing to compensate them for all of the hours that they worked. Defendant argues that this claim should be dismissed because it is not a sufficiently pled minimum wage claim or overtime claim. Specifically, Defendant argues that (1) it is not clear whether Plaintiffs are alleging a failure to pay overtime or a failure to pay the minimum wage; (2) if Plaintiffs are seeking overtime pay, the claim fails, since they have not alleged that they have worked in excess of forty hours in at least one workweek; and (3) if Plaintiffs are asserting a minimum wage claim, the claim fails, because even accepting that they were not paid for every hour that they worked, they did not allege that their actual wages for any workweek divided by the number of hours that they worked in such week equals an hourly rate that is less than the statutory minimum hourly rate[1].

It is true that the amended complaint is not a model of clarity and does not explicitly state whether Plaintiffs are asserting a minimum wage claim, an overtime claim, or both. However, a reasonable reading of the amended complaint reveals that Plaintiffs are claiming that Defendant did not pay them for all of the hours that they worked, which is in essence a claim that they were not paid a minimum wage for some of the hours that they worked. Furthermore, to the extent that they worked more than forty hours in any workweek in which they were not paid for all of the hours that they worked, their claim can reasonably be viewed as an overtime claim. While Plaintiffs will have to show that they worked more than forty hours in a workweek in order to succeed on an overtime claim, the Court finds that based on the allegations in the amended

---

[1] Stated differently, Plaintiffs have not alleged that the statutory minimum hourly rate multiplied by the number of hours that they worked in a given week equaled an amount greater than their actual wages for such workweek.

complaint in their entirety, Plaintiffs' failure to specifically allege that they worked more than forty hours in any workweek is not fatal to their claim. Likewise, while Plaintiffs will have to show that their actual wages for any workweek divided by the number of hours that they worked in such week equals an hourly rate that is less than the statutory minimum hourly rate in order to succeed on a minimum wage claim, the Court finds that based on the allegations in the amended complaint in their entirety, Plaintiffs' failure to specifically make such an allegation is not fatal to their claim.

However, after reviewing some of the arguments in Plaintiffs' response brief, the Court has some concerns regarding Plaintiffs' theory of a minimum wage violation. Specifically, Plaintiffs contend that if they can show that there were any hours that they worked for which they were not paid, then such a showing is all that is required to establish an FLSA minimum wage violation. (Doc. No. 6, p. 3-4). While Plaintiffs' contention is correct in situations in which an employee is paid an hourly rate and that rate is equal to the statutory minimum wage, their contention is not always accurate when an employee is a paid an hourly rate that exceeds the statutory minimum wage.[2] This is because "it is the workweek as a whole rather than each individual hour within a workweek that is the relevant unit for determining compliance with the minimum wage requirement." Walters v. American Coach Lines of Miami, Inc., 569 F. Supp.2d 1270, 1300 (S.D. Fla. 2008)(citations omitted); see also Johnson v. RGIS Inventory Specialists, 554 F. Supp.2d 693, 710 (E.D. Tx. 2007)(stating that "the workweek is the proper standard for determining compliance with the minimum wage requirements"); Munrow v. PartsBase, Inc., 2009 WL 413721, at *2 (S.D. Fla. Feb. 18, 2009)(stating that "[t]he FLSA generally requires the

---

[2]Plaintiffs have not alleged their hourly rate of pay.

payment of at least the prescribed minimum wage each workweek"). The rationale for this has been explained by the court in Dove v. Coupe:

> The purpose of the minimum wage provisions is to protect certain groups of the population from sub-standard wages . . . due to . . . unequal bargaining power. That purpose is met by the workweek standard[, which requires that] . . . the total weekly wage paid by an employer meets the minimum weekly requirements of the statute, such minimum weekly requirement being equal to the number of hours actually worked that week multiplied by the minimum hourly statutory requirement.

759 F.2d 167, 171 (D.C. Cir. 1985)(internal quotation marks and citations omitted). The Dove court rejected the argument that an employer must show specific hour-by-hour compliance, and instead, the court recognized that judicial decisions established the workweek as the proper unit of time for measuring compliance. See id.

Additionally, the Court notes that Plaintiffs' allegations in Count I also relate to Defendant's handling of their tips, and those allegations affect the determination of whether Plaintiffs were paid the required minimum wage. As a result, the FLSA's definitions of "tipped employee" and "wages" set forth in 29 U.S.C. § 203 are implicated.

Pursuant to § 203(t), the FLSA defines a "tipped employee" as "any employee engaged in an occupation in which he customarily and regularly receives more than $30 a month in tips." Additionally, the FLSA's definition of "wages" set forth in § 203(m) "recognizes that under certain circumstances, employers of 'tipped employees' may include part of such employees' tips as wage payments." Cumbie v. Woody Woo, Inc., 596 F.3d 577, 580 (9th Cir. 2010). Specifically, pursuant to § 203(m), the current minimum cash wage that an employer must directly pay a tipped employee is reduced to $2.13 when the employer qualifies for a "tip credit." A "tip credit" is an amount equal to the difference between the statutory minimum rate and the

$2.13 reduced minimum cash wage for tipped employees.[3] Pursuant to § 203(m), in order for the employer to qualify for the tip credit, two requirements must be met: (1) the employer must inform the tipped employee of the provisions of § 203(m), and (2) all tips received by such employee must be retained by the employee (unless the tipped employee participates in a tip pool with other employees who customarily and regularly receive tips). Thus, based on § 203(m):

> [A]n employer must pay a tipped employee a cash wage of at least $2.13, but if the cash wage is less than the federal minimum wage, the employer can make up the difference with the employee's tips . . . . [I]f the cash wage plus tips are not enough to meet the minimum wage, the employer must "top up" the cash wage.

Cumbie, 596 F.3d at 580. Therefore, Plaintiffs' allegations that Defendant forced them to participate in tip pooling, in which they had to share their tips with non-wait staff employees and managers, goes to the issue of whether Defendant was entitled to take a tip credit when determining the amount of wages that it was required to directly pay Plaintiffs.

Accordingly, after considering all of the allegations in Plaintiffs' complaint, the Court finds that Plaintiffs have sufficiently pled a violation of the FLSA's minimum wage and/or overtime provisions in Count I. See Souder v. Premier Automotive on Atlantic, LLC, 2009 WL 691916, at *4 (M.D. Fla. 2009). Therefore, Defendant's motion to dismiss Count I is denied.

**B. Retaliation**

In Count II, Plaintiff Steiner-Out contends that Defendant retaliated against her by calling her names and terminating her after she complained about Defendant's failure to pay wages in

---

[3]The amount of the tip credit cannot exceed the value of the tips actually received by the employee. 29 U.S.C. § 203(m).

accordance with the FLSA. Defendant contends that this claim must be dismissed, because Plaintiff Steiner-Out did not complain about an *actual* FLSA violation. Specifically, Defendant contends that since the "tips" at issue in this case were actually mandatory service charges (and thus do not meet the definition of "tips" under the FLSA), Plaintiff Steiner-Out's complaints regarding Defendant's allegedly improper handling of the tips was not a complaint about an actual FLSA violation. Defendant's argument, however, goes to the issue of whether Plaintiffs will be able to show that the tips at issue met the definition of tips under the FLSA, which is not the proper focus of a motion to dismiss. As such, if Defendant wishes to raise this issue prior to trial, the proper vehicle for such an argument is a motion for summary judgment. Accordingly, Defendant's motion to dismiss Count II is denied.

**IV. Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that Defendant's Motion to Dismiss (Doc. No. 4) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 28th day of October, 2010.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record