**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

KIM STEINER-OUT, et al.,[1]

    Plaintiffs,

v.                                        Case No. 8:10-cv-2248-T-24TBM

LONE PALM GOLF CLUB, LLC,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the court following the Show Cause hearing conducted on June 22, 2011, and on **Defendant's Second Motion to Compel or in the Alternative for Sanctions** (Doc. 30). Plaintiff, Kim Steiner-Out, who is proceeding pro se, has failed to respond to the motion, and accordingly, the motion is deemed unopposed. *See* M.D. Fla. R. 3.01(b). Given the allegations of Defendant's motion and the history of Plaintiff's lack of participation in this case, the court issued an Order to Show Cause to the Plaintiff directing her to appear before the court to show cause why her case should not be dismissed for lack of prosecution. *See* (Doc. 31). Plaintiff, Kim Steiner-Out, failed to appear for the Show Cause hearing on June 22, 2011. Because Plaintiff has failed to participate in discovery and otherwise has demonstrated she has no intention of pursuing her claims in this litigation, I recommend her case be dismissed for failure to prosecute.

By way of procedural background, Plaintiff initiated this action for alleged violations of the Fair Labor Standards Act, arising out of her employment with Defendant, Lone Palm

---

[1] Plaintiff, Serena Velaquez, filed a notice of voluntary dismissal of her claims (Doc. Doc. 24 at 3) which were dismissed without prejudice by the court (Doc. 26).

Golf Club, LLC.[2]  Although Plaintiff is proceeding pro se at this time, she was initially represented by counsel, and even during that time, there was an apparent lack of participation in prosecuting this case as the court had to direct Plaintiff to show cause why her claims should not be dismissed when she failed to respond to the court's interrogatories and further had to direct other filings in accordance with the court's Scheduling Order.  (Docs. 15, 20).  Plaintiff ultimately complied.  (Docs. 18, 21).  Plaintiffs' counsel withdrew thereafter and co-Plaintiff, Serena Velaquez, dismissed her claims.  (Doc. 26).  Defendant filed its initial motion to compel Rule 26(a) initial disclosures and responses to discovery in March 2011.  *See* (Doc. 25).  Plaintiff failed to respond to the motion and an order was entered April 18, 2011, granting the motion and directing Plaintiff to provide the discovery responses within twenty days.  (Doc. 28).  When Plaintiff again failed to timely produce her discovery responses, Defendant filed the instant motion on June 1, 2011, seeking sanctions against Plaintiff, including dismissal, for Plaintiff's failure to comply with this court's Order.

By the instant motion, Defendant represents that, to date, the Plaintiff has failed to provide responses to discovery or provide Rule 26(a) initial disclosures.  As noted, a Show Cause hearing was conducted June 22, 2011,[3] and Plaintiff failed to appear.  Defense counsel, who was present at the hearing, represented that he has received no discovery responses or any

---

[2]Following several amendments to the pleadings, Plaintiff's Second Amended Complaint alleged a claim for hours worked for which Defendant failed to compensate its employees.  The Second Amended Complaint was filed by Kim Steiner-Out and Serena Velaquez, on behalf of others similarly situated.  *See* (Doc. 13).

[3]The hearing was originally noticed for June 23, 2011, but an amended notice was subsequently sent out rescheduling the hearing to June 22, 2011, at 2:30 p.m.  A review of the docket reflects that Plaintiff was sent copies of both the original and amended notice.  *See* Docket entries on June 2 and June 14, 2011.  The court further notes that no attempt was made by Plaintiff to contact Chambers regarding the scheduled hearing.

communication from Plaintiff. He has attempted to reach Plaintiff by written correspondence as he has no telephone number for her, but she has not responded.

Pursuant to Rule 41(b), a district court may dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules. Fed. R. Civ. P. 41(b); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983). Dismissal under Rule 41(b) is appropriate where there is a clear record of delay or willful contempt and an implicit or explicit finding that lesser sanctions would not suffice. *Jones*, 709 F.2d at 1458 (quoting *Hildebrand v. Honeywell, Inc.*, 622 F.2d 179, 181 (5th Cir. 1980)). A district court also has broad authority under Rule 37 to control discovery, including dismissal as the most severe sanction. Fed. R. Civ. P. 37; *see Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). Further, it is within a court's inherent authority to involuntarily dismiss a claim for want of prosecution. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962) (the inherent authority of a federal trial court to dismiss a plaintiff's action with prejudice for failure to prosecute is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of District Courts). Local Rule 3.10 also provides that a court may dismiss a complaint for want of prosecution. *See* M.D. Fla. R. 3.10.

It is apparent to me that Plaintiff, Kim Steiner-Out, has abandoned any intention of pursuing her claims in this matter. Plaintiff has failed to participate in discovery to the prejudice of the Defendant and has now ignored multiple court Orders, by failing to provide the ordered discovery and in failing to appear for the show cause hearing. Defendant is correct that "if a pro se litigant ignores a discovery order, they are and should be subject to sanction like any other litigant." *Watkis v. Payless ShoeSource, Inc.*, 174 F.R.D. 113, 117 (M.D. Fla. 1997) (citing *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). In the

3

court's Order to Show Cause, the undersigned cautioned Plaintiff that her failure to appear could result in the dismissal of her claims without further notice.  Plaintiff fails to make any showing of good cause to justify her failure to prosecute her claim.  Further, the court can have no confidence that another order of the court directing the Plaintiff's participation will necessarily result in the advancement of this cause.  Thus, Plaintiff's case is one of the rare cases calling for the ultimate sanction of dismissal for failure to prosecute.  To recommend otherwise would unnecessarily extend the financial burden on the Defendant and inappropriately approve of Plaintiff's conduct.  In light of Plaintiff's failure to respond to discovery requests or otherwise participate in any fashion in prosecuting her case and given her contempt of multiple court orders, dismissal of Plaintiff's case for failure to prosecute is warranted in the circumstances, and it is so recommended.  *See* M.D. Fla. R. 3.10; *see also Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order.").

                                                             Respectfully submitted this
                                                             24th day of June 2011.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a

4

district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.

Copies to:
Honorable Susan C. Bucklew, United States District Judge
Counsel of Record
Kim Steiner-Out, 5055 Asbury Parke Dr., #108, Lakeland, FL 33805